**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| RHONDA J. THOMPON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BROTHERHOOD OF MAINTENANCE OF WAY | ) |
| EMPLOYEE DIVISION OF INTERNATIONAL | ) |
| BROTHERHOOD OF TEAMSTERS AND | ) |
| ELGIN, JOLIET, & EASTERN SYSTEM DIVISION | ) |
| OF BROTHERHOOD OF MAINTENANCE OF WAY | ) |
| EMPLOYEE DIVISION OF INTERNATIONAL | ) |
| BROTHERHOOD OF TEAMSTERS, | ) |
| | ) |
| Defendants. | ) |

COMPLAINT

NOW COMES the Plaintiff, RHONDA J. THOMPSON, by and through her attorneys of

HALL-JACKSON & ASSOCIATES, P.C., complains of the Defendants, BROTHERHOOD OF

MAINTENANCE OF WAY EMPLOYEE DIVISION OF INTERNATIONAL ROTHERHOOD

OF TEAMSTERS AND ELGIN, JOLIET, & EASTERN SYSTEM DIVISION OF

BROTHERHOOD OF MAINTENANCE OF WAY EMPLOYEE DIVISION OF

INTERNATIONAL BROTHERHOOD OF TEAMSTERS as follows:

INTRODUCTION

This is an action for breach of duty of fair representation, conspiracy to violate CBA, and

discrimination and retaliation based on reversed race and gender brought under Title VII.

JURISDICTION AND VENUE

1.  Jurisdiction over the statutory violation alleged is conferred as follows: Title VII retaliation, race and gender discrimination and 42 U.S.C. section 1981 and 1981(a); breach of employment contract; breach of collective bargaining agreement, duty of fair representation, and breach of union contract, under 29 U.S.C. Section 185, 29 U.S.C. Section 158. Jurisdiction is also invoked under 28 U.S.C. Section 1331.

2. Venue is proper in this district pursuant to 28 U.S.C § 1391 (b) because a substantial part of the events or omissions giving rise to this action.

## PARTIES

3. The Plaintiff is Rhonda J. Thompson of the county of Kankakee, in the state of ILLINOIS.

4. The Defendant is BROTHERHOOD OF MAINTENANCE OF WAY EMPLOYEE DIVISION OF INTERNATIONAL ROTHERHOOD OF TEAMSTERS, whose address is 41475 Gardenbrook Road, Novi, Michigan 48375.

5. The second Defendant is ELGIN, JOLIET, & EASTERN SYSTEM DIVISION OF BROTHERHOOD OF MAINTENANCE OF WAY EMPLOYEE DIVISION OF INTERNATIONAL BROTHERHOOD OF TEAMSTERS, whose address is 41475 Gardenbrook Road, Novi, Michigan 48375.

## Procedural Background

6. On or about June 1, 2021, Plaintiff filed a complaint against Defendant with the Equal Employment Opportunity Commission (EEOC), alleging that Defendant discriminated against her on the basis of her race and gender under Title VII. (Exhibit A)

7.  It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received.  The plaintiff  has no reason to believe that this policy was not followed in this case.

8. On or about September 30, 2024, the Plaintiff received her right to sue. (Exhibit B).

9. Plaintiff is filing her Complaint timely pursuant to EEOC 90-day rule.

## STATEMENT OF FACTS

10. Rhonda J. Thompson is a Polish-Caucasian, light skin woman, over the age of 40 who was hired by the Defendant in 1999.

11. At all times relevant, the Plaintiff was employed by the Illinois Central Railroad Company (referred to as ICRC) as a Class B Backhoe Operator.

12. Plaintiff work with a crew of other employees that perform track repairs and

maintenance throughout the state of Illinois.

13. Throughout her time with the ICRC, the Plaintiff has performed her work duties and responsibilities satisfactorily throughout the Chicagoland area.

14. During the Plaintiff's time with the Defendant, she has witnessed several women being treated to different terms and conditions in the workplace.

15. This included the Plaintiff and other females not having access to bathrooms on various jobsites.

16. In 2020 and 2021, the Plaintiff would report to the Joliet, Illinois office to clock in and clock out for work.

17. In between clocking in and out, the Plaintiff was assigned to various jobsites outside along various railroad tracks.

18. Given her time and seniority with ICRC coupled with her skills and training, the plaintiff was to be one of the first individuals to be assigned to certain equipment to perform various jobs in the field.

19. Plaintiff often found that her and other females were not assigned certain assignments that required her to operate equipment within her trade and job title.

20. Those positions often went to male employees.

21. Under her current supervisor, Jose Gutierrez (Hispanic male), these assignments often went to Hispanic males plaintiff.

22. By assigning the Hispanics and males the equipment and certain projects allowed for

these individuals to receive more compensation than the plaintiff.

23. The compensations often came in the way of mandatory overtime.

24. Plaintiff is generally responsible for either operating a backhoe as part of a crew that lays or repairs IC track, or driving the dump truck to job sites.

25. Between March 1, 2020 through the current day, the plaintiff has been passed over for various overtime opportunities.

26. Those opportunities went to non-Caucasian and males.

27. Since her time of employment with ICRC, the plaintiff has been a member of the union.

28. She pays her union dues via payroll deductions.

29. At all times relevant there existed a Collective Bargaining Agreement (CBA) between Illinois Central Railroad Company and the Union.

30. The Collective Bargaining Agreement (CBA) in effect at all times relevant to this Complaint identifies the defendants as the Union that collected union dues from the plaintiff.

31. The CBA provided a Grievance Procedure.

32. In October 2020, the Plaintiff filed a grievance regarding a particular incident relating to being passed over for overtime.

33. The grievance was denied.

34. Agents of defendants failed to follow the grievance procedures set forth in the CBA due to its discriminatory actions based on plaintiff's race and gender.

35. An agreement was reached at some point, which prejudiced plaintiff's right to a fair

arbitration of her grievance based on race and gender.

36. Since that time, the Plaintiff has received threats of failure of representation and passed over for overtime on multiple occasions, which is more frequently than her original complaint.

37. The union failed to post the seniority list in a visible area, per the CBA, for all employees to see the order in which they should be called off the list for overtime and special projects.

38. This same disparate treatment happens when it comes to Gutierrez passing out special assignments.

39. Gutierrez leased equipment and assigned it to those with lesser seniority than the plaintiff.

40. These allowed for the non-Caucasian males to receive full time work for weeks with several hours of overtime.

41. This also allowed for the non-Caucasian males to operate safer equipment over plaintiff.

42. It is the plaintiff's position that she is being paid less than her male peers, despite her seniority.

43. Plaintiff also alleged that the union failed to hold meetings per the CBA to allow for members to bid on jobs/positions, file grievances, or allow for members to raises concerns.

44. The union also failed to address concerns regarding women having access to bathrooms in the fields.

45. As a result, the Plaintiff has suffered physical harm such kidney stones, multiple urinary tract

infections, and other aliments.

46. Agents of the defendants, including but not limited to General Chairman Rolando Del Muro and President, Tony Cardwell willful, knowing, and intentional, unlawful employment practices caused plaintiff to incur substantial and continuing monetary damages, physical damages, and emotional distress.

COUNT I-DISCRIMINATION ON THE BASIC OF GENDER UNDER TITLE VII AND SECTION 1983

47.     Rule 42 USC Section 20002e-2, under Title VII of the Civil Rights Act of 1964, provides inpertinent part:

It shall be an unlawful employment practice for an employer to fail or refuse or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's sex or race.

48.     Plaintiff hereby repeats and realleges each and every allegation in paragraph 10-46, inclusive, as if fully set forth herein.

49.     Defendant has discriminated against Plaintiff on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964, by denying her the same terms, conditions, and privileges of employment available to employees who are not female in her position, including but not limited to denying her the opportunity to work in an employment setting free of unlawful discrimination by failing to file grievance on her behalf as it relates to access bidding system for special projects, holding contractual obligated meetings, overtime opportunities, lack of bathrooms in the field for all women, and pay disparities.

50.  While employed with ICRC, the Plaintiff was subjected to different terms and conditions of her employment while being a member of the union.

51.  The plaintiff submitted several written and verbal requests for assistance from her union per the CBA and the grievance process.

52.  Majority of plaintiffs request were ignored or resulted in no recourse due to her race and gender.

53.  The Defendants has a widespread practice, though not authorize by written law or express municipal, is so permanent and well settled as to constitute a custom or usage within the force of law and/or plaintiff's constitutional injury was caused was caused by a person with final policymaking authority.

54.  The union is responsible for the agents, include Del Muro and Cardwell acted within the scope of their employment, the CBA, a policy, custom and/or pattern of sex discrimination, retaliation, and violation of individual rights of equal protection under the Fourteenth Amendment to the Constitution of the United States.

55.  The Union has a policy that is so permanent and well-settled as to constitute a custom or usage within the force of law of discriminating against women based on their sex.

56.  The Plaintiff was often passed over for special projects and overtime and those positions would go to males who were less experienced, less qualified, and less seniority than the Plaintiff.

57. Defendants discriminated against Plaintiff on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964, by creating, fostering, accepting, ratifying and/or otherwise failing to prevent or correct unlawful discrimination via the grievance process and per the CBA.

58. Defendants violated plaintiff's due process rights

59. As a direct and proximate result of Defendants' unlawful and unwelcomed conduct in violation of Title VII of the Civil Rights Act of 1964, Plaintiff has suffered and continue to suffer severe anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, and physical damages, for which she is entitled to an award of monetary damages and other relief.

60. Defendants' unlawful and unwelcomed conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of damages.

COUNT II-DISCRIMINATION ON THE BASIS OF RACE UNDER TITLE VII AND 1981

61. Title VII of the Civil Rights Act of 1964, provides in pertinent part:

It shall be an unlawful employment practice for an employer to fail or refuse or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's sex or race.

62. Plaintiff hereby repeats and realleges each and every allegation in paragraph 10-56 inclusive,

as if fully set forth herein.

63.    Defendants has discriminated against Plaintiff on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, by denying her the same terms, conditions, and privileges of employment available to employees who are not Caucasian in her position, including but not limited to denying her the opportunity to work in an employment setting free of unlawful discrimination and access to her contractual rights via the CBA, including the grievance process/procedure.

64.    As a member of the Union with the Defendants, the Plaintiff was subjected to different terms and conditions of her employment.

65.    The plaintiff was passed over for overtime and special assignments, which would go to non-Caucasians who were less experienced, less seniority, and less qualified than the Plaintiff.

66.    Defendants has discriminated against Plaintiff on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, by creating, fostering, accepting, ratifying and/or otherwise failing to prevent or correct unlawful discrimination via the CBA and the grievance procedures.

67.    As a direct and proximate result of Defendants' unlawful and unwelcomed conduct in violation of Title VII of the Civil Rights Act of 1964, Plaintiff has suffered and continue to suffer severe anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, and physical damages, for which she is entitled to an award of monetary damages and other relief.

68.    Defendants' unlawful and unwelcomed conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of damages.

9

## COUNT III-RETALIATION UNDER 1981 AND 1983

69.     Plaintiffs restate and reallege paragraphs 10- 68 as if fully set forth herein.

70.     Title VII makes it unlawful for an employer to retaliate against an employee because that employee engaged in protected activity, such as complaining to an employer about discrimination on the job.

71.     Plaintiff complained of race and gender discrimination to her supervisor, human resources, and the union several times between June 2020 and the current. Plaintiff filed an internal complaint with the Defendant and indicated that the harm was done to her because of her protected class, in comparison to her similar situated counterparts.

72.     The Plaintiff also filed a charge of discrimination with the EEOC in June 2021.

73.     She subsequently filed multiple complaints against the Union internally and externally over the last five years due to discrimination and retaliation. These complaints were also raised to the Union's president(s) various times over the last five years.

74.     Defendant continued to discriminate against Plaintiff on basis of her gender and racenin the terms and conditions of her employment, to subject Plaintiff to a hostile environment, and to continue to deny her frequent requests to file grievance regarding overtime opportunities, such discrimination was an unlawful act of retaliation.

75.     Defendants took adverse actions against Plaintiff in retaliation for engaging in protected activity, in violation of Title VII.

76.     As a direct and proximate result of Defendants' unlawful discriminatory and retaliatory conduct in violation of Section Title VII, Plaintiff has suffered and continue to suffer severe anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and

suffering, and physical harm, for which she is entitled to an award of monetary damages and other relief.

77.     Defendants' unlawful discriminatory and retaliatory conduct in violation of Section Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

COUNT VI-BREACH OF CONTRACT

78.     Plaintiff incorporates paragraphs 10-77 of the Complaint as though fully set forth and for Count four, as follows:

79.     Defendants intentionally discriminates against women members, based on gender, by treating male members more favorably by filing grievances, and  resolving their grievances early.

80.     Defendants breaches its duty of fair representation and members contracts, based on gender, by not filling grievances by the time set forth in the CBA.

81.     Defendants intentionally discriminates against women and plaintiff, based on gender, by not taking the grievances filed on their behalf to arbitration within the time set forth in the CBA.

82.     Defendants intentionally discriminate against women members, including plaintiff, based on gender and treats its male members more favorably when determining which grievances it will file.

83.     Defendants intentionally discriminates against women members, including plaintiff, based on gender, in their overall handling of grievances under the CBA.

84.     At all times relevant, all local and national officers and decision-makers were male.

85.     As a direct and proximate result of Defendants' breach and unlawful discriminatory and retaliatory conduct in violation of Section Title VII, Plaintiff has suffered and continue to suffer

severe anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, and physical harm, for which she is entitled to an award of monetary damages and other relief.

86.     Defendants' breach and unlawful discriminatory and retaliatory conduct in violation of Section Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

87.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enters judgment in her favor and against Defendants, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendant complained of herein violate the laws of the United States and the State of Illinois;

B. An injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

C. An order directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory and harassing treatment and otherwise unlawful conduct, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect her employment and personal life;

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic harm;

E. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to her professional and personal reputations and loss of career fulfillment;

F. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory harm, including but not limited to, compensation for her mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, physical harm, and emotional distress;

G. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

H. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

I. Such other and further relief as the Court may deem just and proper.

JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

DATE: December 30, 202

Respectfully submitted,
/s/ Chiquita Hall-Jackson

Chiquita Hall-Jackson, Esq.

Chiquita Hall-Jackson
Attorney for Plaintiff
Hall-Jackson & Associates,
P.C. 180 W. Washington St.,
Suite 820
Chicago, IL 60602
312-255-7105